UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY PINO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BIRCH BENDERS, LLC,<br><br>    Defendant. | Case No. 22-cv-02194-TSH<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

Plaintiffs Brittney Pino and Terri Gamino bring this class action against Defendant Birch Benders, LLC, alleging it mislabels its pancake and waffle mixes. Pending before the Court is Defendant's Motion to Dismiss. ECF No. 14. Plaintiffs filed an Opposition (ECF No. 19) and Defendant filed a Reply (ECF No. 23). The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 6, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions and relevant legal authority, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for the following reasons.[1]

## II. BACKGROUND

Defendant manufactures, distributes, markets, and sells pancake and waffle mixes ("Products") that claim to contain a certain amount of protein on the front label (for example, "10G PROTEIN"). ECF No. 1 (Complaint) ¶ 19; Exh. B (product listing). The Nutrition Fact Panels ("NFP") of the Products do not include the corrected amount of protein per serving (expressed as "%DV"). *Id.* ¶ 21.

In 2021, Plaintiffs purchased Defendant's Products after reading and relying on the

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 7.

1    Products' front label protein representations. *Id*. ¶¶ 58-59, 63-64.  The Products did not contain

2    %DV in the NFP.  *Id*. ¶¶ 61, 66.  Plaintiffs claim that, because Defendant uses "plant-based

3    proteins," Defendant's Products "actually provide far less protein to humans than the Product

4    labels claim."  *Id*. ¶¶ 33-34.

5          On April 7, 2022, Plaintiffs filed the instant action, alleging the following causes of action:

6    1) violation of the Consumers Legal Remedies Act; 2) False Advertising; 3) Fraud, Deceit, or

7    Misrepresentation; 4) Unlawful, Unfair, and Fraudulent Trade Practices, and 5) Unjust

8    Enrichment.  *Id*. ¶¶ 77-122.  Plaintiffs' claims are based on Defendant's alleged misrepresentation

9    of protein on its front labels ("Front Label Protein Claims") and failure to include a %DV

10   statement in the NFP ("NFP Omission Claims").  *See id*. ¶¶ 87, 97, 107; ECF No. 19 at 1, 15.  On

11   June 2, 2022, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure

12   12(b)(1) and 12(b)(6).  ECF No. 14.  On August 11, 2022, Plaintiffs filed an Opposition.  ECF No.

13   19.  On September 8, 2022, Defendant filed a Reply.  ECF No. 23.

### III.    LEGAL STANDARD

**A.    Federal Rule of Civil Procedure 12(b)(1)**

16         Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power

17   authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen*

18   *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Accordingly, "[i]t

19   is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing

20   the contrary rests upon the party asserting jurisdiction."  *Id.*; *Chandler v. State Farm Mut. Auto.*

21   *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  Because questions of Article III standing go to a

22   federal court's subject-matter jurisdiction, an argument that a party lacks standing is "properly

23   raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."  *White v. Lee*, 227

24   F.3d 1214, 1242 (9th Cir. 2000); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir.

25   2004) (where plaintiffs lack standing, a suit should be dismissed under Rule 12(b)(1)).  Dismissal

26   of a complaint without leave to amend should only be granted where the jurisdictional defect

27   cannot be cured by amendment.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

28   Cir. 2003).

United States District Court
Northern District of California

**B.     Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and quotations omitted).

## IV.   DISCUSSION

Defendant argues A) Plaintiffs lack standing and B) Plaintiffs' claims are preempted. ECF No. 14 at 6-14. The Court addresses Defendant's arguments accordingly.

**A.     Standing**

Defendant argues Plaintiffs lack standing (1) to seek injunctive relief and (2) assert their NFP Omission Claims.

**1.     Injunctive Relief**

Defendant argues Plaintiffs fail to allege a future desire to purchase Defendant's products, and Plaintiffs' knowledge of Defendant's protein claims and digestibility preclude injunctive relief. ECF No. 14 at 13-15; 23 at 12-13. Plaintiffs argue the complaint sufficiently alleges standing for injunctive relief. ECF No. 19 at 23-24.

"To establish injury in fact [for Article III standing], a plaintiff must show that he or she

3

suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal citation omitted). The Ninth Circuit has held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018).

Here, the complaint alleges Plaintiffs "regularly visit[] stores where Defendant's products and other protein products are sold," "continue to desire to purchase protein products, including those marketed and sold by Defendant," and "[i]f the Products were reformulated to provide in a usable form the grams of protein that they are represented on the labels, [Plaintiffs] would likely purchase them again in the future." ECF No. 1 ¶¶ 62, 67. Moreover, "[b]ecause [Plaintiffs] [do] not know the formula for Defendant's products and cannot test whether or not the Products provide the amount of protein that is represented in the label. . . [they] will be unable to rely on Defendant's labels when shopping for protein products in the future absent an injunction." The Court finds these allegations sufficiently plead standing for injunctive relief. *Compare Lanovaz v. Twinings N. Am., Inc.*, 726 F.Appx. 590, 591 (9th Cir. 2018) (lack of standing because "Lanovaz stated that she would not purchase Twinings products again, even if the company removed the allegedly misleading labels."); *Brown v. Madison Reed, Inc.*, Case No. 21-cv-1233-WHO, 2021 WL 3861457, at *13 (N.D. Cal. Aug. 30, 2021) (lack of standing because the "Complaint does not make clear whether plaintiffs are unable to rely on Madison Reed's representations in deciding if they should purchase the products in the future. Nor does it straightforwardly allege that they want to or intend to purchase the product in the future.") *with Paschoal v. Campbell Soup Co.*, Case No. 21-cv-7026-HSG, 2022 WL 4280645, at *5 (N.D. Cal. Sept. 15, 2022) (standing because plaintiffs "assert[ed] that they 'continue[ ] to desire to purchase baby and toddler food products' and that '[i]f the Products did not contain unlawful and misleading labels, [they] would likely purchase the Products again in the future.'"); *Brown v. Van's International Foods, Inc.*, Case No.

1  22-cv-00001-WHO, 2022 WL 1471454, at *11 (N.D. Cal. May 10, 2022) (standing because

2  plaintiff "pleaded that she: (1) continues to desire to purchase Sara Lee's products; (2) would

3  likely purchase the products again in the future if they were reformulated to contain the amount of

4  protein represented on the labels; and (3) regularly visits stores where Sara Lee's products are

5  sold" and "absent an injunction prohibiting Sara Lee from mislabeling, she will be 'unable to rely

6  on Defendant's labels when shopping for protein products in the future.'").

7      Defendant's "argument that plaintiff[s] cannot seek injunctive relief because [they are]

8  aware of the labeling issue is not compelling." *Minor v. Baker Mills, Inc.*, Case No. 20-cv-2901-

9  RS, 2021 WL 4522290, at *3 (N.D. Cal. May 20, 2021). "Knowledge that the advertisement or

10 label was false in the past does not equate to knowledge that it will remain false in the future."

11 *Davidson*, 889 F.3d 956, at 969.

12     Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as to Plaintiffs' request

13 for injunctive relief.

14     **2.**     **Standing to Assert NFP Omission Claims**

15     Defendant next argues Plaintiffs fail to allege reliance and injury for their NFP Omissions

16 Claims. ECF No. 14 at 13-14; 23 at 9-11.

17     Fraudulent omissions are actionable under the CLRA and Unfair Competition Law.

18 *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). "An essential element for a

19 fraudulent omission claim is actual reliance" and, to prove actual reliance, Plaintiffs "must show

20 that [Defendant's] nondisclosure was an immediate cause of the plaintiff's injury-producing

21 conduct." *Id*. "A plaintiff may do so by simply proving 'that, had the omitted information been

22 disclosed, one would have been aware of it and behaved differently.'" *Id*. (internal citation

23 omitted). "The standard for pleading reliance on account of an omission is low." *Madani v.*

24 *Volkswagen Group of America, Inc.*, Case No. 17-cv-7287-HSG, 2019 WL 3753433, at *11 (N.D.

25 Cal. Aug. 8, 2019).

26     Here, Plaintiffs allege that they "regularly check[] the NFP before purchasing any product

27 for the first time, including the %DV column for protein" and they "use that information as a basis

28 of comparison between similar products." ECF No. 1 ¶¶ 60, 65. Plaintiffs also allege that they

would have used the %DV "as a basis to compare similar products and would have chosen instead to purchase one with a higher %DV" and, had Plaintiffs known the products contained less protein, Plaintiffs "would not have purchased the product[s] or, at a minimum, [they] would have paid less for [them]." *Id.* ¶¶ 61, 66. These allegations are sufficient to assert injury and reliance for Plaintiffs' NFP Omissions Claims. *See Brown v. Van's International Foods, Inc.*, Case No. 22-cv-00001-WHO, 2022 WL 3590333, at *5 (N.D. Cal. Aug. 22, 2022) (standing to assert omission claims because plaintiff alleged she "looked at and read the [Nutrition Facts Panel] on the Products before purchasing them for the first time," regularly checks the NFP before purchasing and examines %DV, would choose the product with more %DV, and had the defendant "adequately disclosed the corrected amount of protein per serving," the plaintiff "would not have purchased" or "would have, at a minimum, paid less"); *Taleshpour v. Apple Inc.,* Case No. 20-cv-3122-EJD, 2021 WL 1197494, at *11 (N.D. Cal. Mar. 30, 2021) (standing for omission claims because plaintiffs alleged "they visited the Apple website prior to purchasing or becoming owners of their laptops . . . . [and] had they known about the Alleged Defect, they would not have purchased their laptops or would not have paid the price they paid.").

The Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' NFP Omissions Claims for lack of standing.

**B.     Preemption**

Defendant argues Plaintiffs' Front Label Protein Claims and NFP Omissions Claims are preempted. ECF No. 14 at 6-13.

**1.     Front Label Protein Claims**

Defendant argues Plaintiffs' Front Label Protein Claims are expressly preempted. ECF No. 14 at 6-9. Plaintiffs argue protein quantity statements can be misleading and the FDCA does not have a regulation authorizing nitrogen-based quantity claims on front labels. ECF No. 19 at 16-23.

The FDCA expressly preempts state claims that are not identical to its own requirements. 21 U.S.C. § 343-1(a). *See Hawkins v. Kroger Co.*, 906 F.3d 763, 769-70 (9th Cir. 2018); *Reid v. Johnson & Johnson*, 780 F.3d 952, 959-60 (9th Cir. 2015). "[T]o avoid preemption . . .'the

plaintiff must be suing for conduct that violates' the FDCA or its enabling regulations." *Swartz v. Dave's Killer Bread, Inc.*, Case No. 21-cv-10053-YGR, 2022 WL 1766463, at *3 (N.D. Cal. May 20, 2022) (internal citations omitted).

The Court finds Plaintiffs' Front Label Protein Claims are preempted. "[FDA] regulations authorize the nitrogen-content method and do not require manufacturers to adjust statements of protein quantity for digestibility . . . a manufacturer may use the nitrogen-content method without quality adjustment when stating the amount of protein in the [NFP]." *Nacarino v. Kashi Co.*, Case No. 21-cv-7036-VC, 2022 WL 390815, at *3 (N.D. Cal. Feb. 9, 2022); *see also Roffman v. Perfect Bar, LLC*, Case No. 22-cv-2479-JSC, 2022 WL 4021714, at *8 (N.D. Cal. Sept. 2, 2022) ("For the reasons thoroughly explained by other courts in this District, the FDCA expressly preempts any claim that Defendant's nitrogen-method front-label protein claims are misleading in and of themselves . . . FDCA regulations allow protein claims to be calculated with the nitrogen method"). "The FDA released guidance explaining that use of total or corrected protein, calculated using the nitrogen-content method or PDCAAS respectively, are appropriate for nutrient content claims." *Swartz*, 2022 WL 1766463 at *4. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Front Label Protein Claims and **DISMISSES** these claims **WITH PREJUDICE**.

### 2. NFP Omission Claims

Defendant argues Plaintiff's NFP Omission Claims are barred by implied preemption. ECF No. 14 at 9-13.

"There is a presumption against federal preemption of state laws that operate in traditional state domains." *Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1227 (9th Cir. 2013). However, "state law claims may conflict with, and are therefore impliedly preempted by, the FDCA, as amended by the MDA." *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 341 (2001). Courts in this district facing similar facts have held that a plaintiff's omission claims are not barred by implied preemption if the claims fit in a "narrow gap" where the "claims challeng[e] 'conduct that violates the FDCA,' 'but not because the conduct violates the FDCA.'" *Roffman*, 2022 WL 4021714, at *5 (citing *Perez v. Nidek Co.*, 711 F.3d 1109, 1119-1120 (9th Cir. 2013)); *see also*

*Brown*, 2022 WL 1471454, at *7-8.

The Court joins these courts and finds Plaintiffs' NFP Omission Claims are not barred by implied preemption. The complaint states that "Plaintiffs do not plead, and herby disclaim, causes of action under the FDCA and regulations promulgated thereunder by the FDA. Plaintiffs rely on the FDCA and FDA regulations only to the extent such laws and regulations have been separately enacted as state law or regulation or provide a predicate basis of liability under the state and common laws." ECF No. 1, page 25. *See Roffman*, 2022 WL 4021714, at *5 ("Plaintiffs' theory fits through that narrow gap. They disclaim any cause of action under the FDCA . . . but challenge conduct that violates it."); *Brown*, 2022 WL 1471454, at *7 ("Brown is suing because the protein statements at issue are allegedly misleading under California law, not because the protein statements allegedly violate FDA regulations. Brown's claims thus fit within the 'narrow gap' that avoids preemption—she is suing for conduct that violates the FDCA, but not because the conduct violates the FDCA.").

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's NFP Omission Claims based on implied preemption.

V. **CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.[2]

**IT IS SO ORDERED.**

Dated: October 3, 2022

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] Given the Court's ruling, the Court **DENIES** Defendant's request to stay the case pending appeals in separate but similar cases that challenge food labeling practices. ECF No. 14 at 15-16. Defendant's Reply acknowledges a current delay in appellate proceedings, ECF No. 23 at 14, and Plaintiffs are more likely to be harmed absent a stay given their request for injunctive relief. *Brown*, 2022 WL 1471454, at *13 ("Brown is correct that a party seeking injunctive relief in response to ongoing harm is more likely to be harmed by a stay . . . while the Ninth Circuit's decision in *Chong* may ultimately change my express and implied preemption analyses in this case, I find that the possible gain in judicial efficiency is outweighed by the prejudice to Brown.").